10-3520-ag
Chen v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
                 Circuit Judges,
         JANE A. RESTANI,
                 Judge.*

- - - - - - - - - - - - - - - - - - - -x

JIN CHEN, AKA Jin Song Chen,
                 Petitioner,

         -v-                                    10-3520-ag

ERIC H. HOLDER, JR., United States
Attorney General,
                 Respondent.**

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:          JOSHUA E. BARDAVID, Law Office of
                         Joshua E. Bardavid (Cora J. Chang,

---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

\*\* The Clerk of Court is directed to amend the official caption to conform to the above.

Law Office of Cora J. Chang, <u>on the brief</u>), New York, New York.

FOR RESPONDENT:                 STEFANIE SVOREN-JAY, Trial Attorney (John S. Hogan, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, <u>on the brief</u>), Office of Immigration Litigation, <u>for</u> Tony West, Assistant Attorney General, United States Department of Justice, Washington, District of Columbia.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the BIA decision is **AFFIRMED** in part and **REVERSED** in part, and the case is **REMANDED** to the BIA with directions to reopen the proceedings.

Petitioner Jin Chen, a native and citizen of the People's Republic of China, seeks review of an August 12, 2010 order of the BIA denying his motion to reconsider and reopen his removal proceedings. By decision dated November 13, 2009, the BIA had affirmed the January 22, 2008 order and decision of the Immigration Judge ("IJ") denying Chen's application for asylum and withholding of removal and relief under the United Nations Convention Against Torture ("CAT"). Chen asserts that he should be granted asylum because of past persecution or a well-founded fear of future persecution on the basis that he will be subject to forced sterilization upon his return to China. We assume the

2

parties' familiarity with the facts and procedural history of this case.

**1. Applicable Law**

We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion and will find such abuse if "the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. 8 C.F.R. § 1003.2(b)(1); see Ke Zhen Zhao, 265 F.3d at 90. "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that [it] has previously rejected." Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). A motion to reopen proceedings to admit new evidence shall be granted only if it appears to the BIA that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

An alien applying for asylum based on a well-founded fear of future persecution must establish both an objectively and

3

subjectively reasonable fear of future persecution. See Gomez v. INS, 947 F.2d 660, 663 (2d Cir. 1991). The alien must "present credible testimony that he subjectively fears persecution and establish that . . . a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." Jian Xing Huang v. INS, 421 F.3d 125, 128 (2d Cir. 2005) (per curiam) (quotation omitted); see 8 C.F.R. § 208.13(b)(2).

## 2. Application

We hold that the BIA did not abuse its discretion in denying Chen's motion to reconsider. In his original appeal to the BIA, Chen made two arguments: (1) he had suffered past persecution based on the implantation of an intrauterine device ("IUD") in his wife as well as his complaints to the Family Planning Officials about the resultant complications; and (2) he had a well-founded fear of future persecution because he believed he would be forcibly sterilized upon his return to China. The BIA rejected both arguments and dismissed Chen's appeal. In his motion to reconsider, Chen repeated the same arguments he raised in his original appeal, without raising new arguments or identifying a change in the law. Thus, we conclude that the BIA did not abuse its discretion in denying Chen's motion to reconsider.

4

We hold, however, that the BIA abused its discretion in denying the motion to reopen.

First, it was error for the BIA to conclude that Chen's additional documentary evidence was not "new" because the documents "predate[d] [its] decision by at least a year." In the context of a motion to reopen, the BIA must consider new evidence that was unavailable at the time of the IJ hearing. See Norani v. Gonzales, 451 F.3d 292, 294 (2d Cir. 2006) (per curiam) (date on which IJ closed hearing is date before which evidence must have been unavailable, undiscoverable, or unpresentable). In declining to consider the evidence here, the BIA reasoned that "virtually all of the information in the [documents] describe events that occurred well before the hearing [on January 22, 2008] and could have been presented to the [IJ]." To the contrary, however, letters from Chen's father and wife describe events that occurred after the IJ hearing, including the raiding of the father's home on Chinese New Year's Eve in February 2008 by ten government officials, and the government's increased efforts to apprehend Chen's wife later that year. The Birth Control Notice and the summons were dated March 3, 2008 and April 14, 2008, respectively, both subsequent to the IJ hearing. Thus, the additional evidence was indeed "new."

Second, the BIA faulted Chen for "not having filed a motion to remand while the appeal was pending." The relevant

regulation, however, does not impose a time limit for filing a motion to reopen proceedings to present evidence that could not have been presented at the IJ hearing. Norani, 451 F.3d at 294 & n.3 (citing 8 C.F.R. § 1003.2(c)(1)).

Third, although the BIA also concluded that the additional documents, "even if considered reliable and authentic, are not new, material evidence warranting reopening," we conclude that "the BIA did not adequately engage with the facts or the political context of [Chen]'s activities." Ruqiang Yu v. Holder, 693 F.3d 294, 298 (2d Cir. 2012). The BIA's decision does not discuss the facts presented by the new evidence at all, as the BIA concludes in wholly conclusory language that the evidence does not "warrant reopening." The BIA abuses its discretion if it fails to give reasoned consideration to evidence presented by a petitioner, see Zhi Yun Gao v. Mukasey, 508 F.3d 86, 88 (2d Cir. 2007) (per curiam), and, under the circumstances here, particularly where the BIA incorrectly stated that the events identified by Chen occurred "well before" the IJ hearing, we are not confident that the BIA adequately considered the new evidence.

Chen's new evidence, if credited, would establish that his wife, who had been living in hiding since the birth of their second daughter, visited his father's home on the eve of the Chinese Lunar New Year in 2008, which corresponds to February 6,

6

2008 on the Western calendar; that shortly after she departed, ten government officials raided his father's home, during the most important local holiday, in search of the couple; that the local family planning office issued the Birth Control Notice on March 3, 2008, which ordered Chen to appear for a "contraceptive procedure" by March 13 or be responsible for any consequences; and that, after Chen did not appear for the procedure, the Fuzhou City Public Security Bureau issued a summons on April 14, 2008, ordering Chen, without giving further reason, to appear at a local police precinct on April 28. The new evidence suggests that the government officials' pursuit of Chen intensified in the weeks after the IJ hearing.

We remand to the BIA to reopen the proceedings to give full consideration to Chen's evidence and determine whether he has presented sufficient evidence to support an objectively reasonable fear of future persecution. See, e.g., Li Young Cao v. U.S. Dep't of Justice, 421 F.3d 149, 151-52, 158 (2d Cir. 2005) (petitioner established objectively reasonable fear of future persecution by presenting evidence that he and his wife went into hiding after birth of their child, government officials searched and destroyed their home, arrested his father, and sterilized his wife). We note that the IJ had earlier found Chen to be a credible witness, and a petitioner may establish his subjective fear of future persecution by his credible testimony.

7

See <u>Cao He Lin v. U.S. Dep't of Justice</u>, 428 F.3d 391, 399 (2d Cir. 2005) (citation omitted).

Accordingly, the petition for review is **GRANTED**, the BIA's decision is **AFFIRMED** in part and **REVERSED** in part, and the case is **REMANDED** to the BIA with directions to reopen the proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk